UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK BUSH, | ) | CASE NO.1:05CV1360 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| GE TRANSPORTATION AND DAN SHEBETICH, | ) ) | MEMORANDUM AND OPINION |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff Jack Bush's Motion to Remand. For the following reasons, the Court denies Plaintiff's Motion.

### FACTS

On April 5, 2005, Plaintiff, an Ohio resident, filed a Complaint in Cuyahoga County Court of Common Pleas alleging a single claim of disability discrimination in violation of Ohio Revised Code ("O.R.C.") § 4112.02 (A). Plaintiff's Complaint seeks compensatory and punitive damages.

Plaintiff's Complaint lists the addresses of Defendant GE Transportation as Cleveland,

1

Ohio. The Complaint also gave Defendant Dan Shebetich's address as Cleveland, Ohio. On May 16, 2005, Defendants filed a Notice of Removal alleging diversity jurisdiction under 28 U.S.C. §1332. The Notice of Removal was supported with affidavits stating the Defendants were not Ohio residents, therefore, complete diversity exists. On May 25, 2005, Plaintiff filed his Motion to Remand alleging Defendants failed to establish, by preponderance of the evidence, Plaintiff's Complaint satisfied the jurisdictional amount-in-controversy of Seventy-Five Thousand dollars.

On June 13, 2005, Defendants filed their Memorandum in Opposition to Plaintiff's Motion to Remand. Defendants allege Plaintiff's claim exceeds the jurisdictional amount-in-controversy requirement. In support of their allegations, Defendants offer the affidavit of Gary P Quinlan, human resources manager at General Electric Co., GE Transportation. Mr. Quinlan's affidavit attests to the hourly salary of Plaintiff at the time of his termination. Defendants brief alleges Plaintiff was terminated on December 1, 2004. Under O.R.C. §4112 Plaintiff is entitled to back pay. Given the average time in North District Court for a case to go to trial, Plaintiff's back pay alone will exceed Seventy-Seven Thousand dollars. This figure does not include any front pay calculation or additional compensation Plaintiff may be entitled to for lost employee benefits (i.e. health, dental, vision, prescription drug, disability, life insurance and retirement benefits). The additional employee benefits are valued at thirty-nine percent of Plaintiff's wages according to the affidavit of Gary Quinlan. Also, the Court must consider the punitive damages sought by Plaintiff. When the evidence is considered and the potential claims aggregated, Defendants allege, the amount-in-controversy jurisdictional amount is met.

## STANDARD OF REVIEW

Federal courts have the power to adjudicate "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between... citizens of different states." 28 U.S.C. §1332(a)(1). "Generally, the party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction." *McNutt v. General Motors Acceptance Corp. Of Ind.*, 298 U.S. 178, 189 (1936).

When a plaintiff originally files her claim in federal court, the sum claimed by the plaintiff controls for the purpose of assessing whether the amount-in-controversy requirement contained in 28 U.S.C. § 1332(a)(1) is satisfied, so long as the amount claimed appears to have been made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, (1938). Such a case will not be dismissed for lack of diversity jurisdiction unless the defendant can demonstrate to a "legal certainty" that the plaintiff was in error regarding the claimed amount-in-controversy. *Id.* at 289. The "legal certainty standard" also applies when the plaintiff originally files her complaint in *state* court alleging a specific amount of damages and the defendant removes the case to federal court. *Gafford v. General, Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993).

The standard differs, "where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement." *Id.* at 158. In such cases, "the defendant must prove, 'more likely than not,' that the plaintiff's claims meet the federal amount-in-controversy requirement." *Id.* The court must apply the preponderance of evidence standard, as Plaintiffs' claims for legal and equitable relief, and for attorney's fees, are not self-evidently greater or less than seventy-five thousand dollars. *See, Garza v. Bettcher Indus., Inc.*, 752 F.Supp. 753, 763 (E.D.Mich.1990). Courts should resolve "al

3

disputed questions of fact and ambiguities in the controlling ... state law in favor of the non-removing party." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) quoting *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th cir. 1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

## ANALYSIS

The Court finds Defendants have met their burden of establishing jurisdiction by a preponderance of the evidence. Plaintiff has not submitted any evidence to contradict Defendants sworn testimony regarding Plaintiffs hourly wage rate. As back and front pay, punitive damages, and possibly attorneys fees may be recoverable under the Ohio Revised Code, the Court finds Defendants have demonstrated the claims contained in Plaintiff's Complaint satisfy 28 U.S.C. §1332's jurisdictional requirement.

Therefore, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.

3/22/06
Date

Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

4